# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, SIMULA AEROSPACE & DEFENSE GROUP, INC., ARMOR HOLDINGS, INC., AND SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

## MEMORANDUM

Before me is the issue of whether the Plaintiff must disclose the trade secrets, with specificity and preciseness, it believes have been misappropriated prior to permitting further discovery of Defendants' trade secrets.

Defendants cite several cases which they contend require the result they seek. Most of the cases cited by Defendants to support their arguments regarding the required level of specificity do not compel the particular relief they request here. Some address the motion to dismiss stage of proceedings, and thus address the sufficiency of the pleading. *See, e.g., GE Capital Mortgage Servs., Inc. v. Pinnacle Mortgage Inv. Corp.*, 897 F. Supp. 854 (E.D. Pa. 1995). Many address the summary judgment stage, and thus measure the sufficiency, *after discovery*, of whether the Plaintiff has identified the existence of a trade secret as a threshold matter to a misappropriation claim. *See, e.g. IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581 (7th Cir. 2002). Here, we deal with the question of what level of specificity a plaintiff should have to show before obtaining discovery of a defendant's trade secrets.

Some District Courts have held that the plaintiff does have the burden to describe an alleged trade secret with specificity in order to put the defendant on notice of what it has misappropriated. *Sit-Up, Ltd v. IAC/InterActiveCorp.*, No. 05-cv-9292, 2008 WL 463884, at *11 (S.D.N.Y. Feb. 20, 2008). And others have determined that the question of what disclosure is required to meet the requisite level of specificity in order for the plaintiff to be entitled to discovery is a fact-specific question to be decided on a case-by-case basis. *DeRubeis v. Witten Techs., Inc.* 244 F.R.D. 676, 681 (N.D. Ga. 2007). At minimum, it is my view that a plaintiff should identify the trade secrets at issue with "reasonable particularity," meaning a plaintiff must provide the defendant with a sufficient description to put the latter on notice of the nature of plaintiff's claims and can discern the relevancy of any requested discovery. *See id.* at 681 (defining "reasonable particularity").

A review of the Plaintiff's responses to Defendants' Interrogatories 1, 6 and 7 does provide a description of trade secrets taken from the Plaintiff with sufficient specificity and precision, viz reasonable particularity. I am mindful that this matter presents a curious problem. Plaintiff does not know the extent trade secrets have been misappropriated and utilized until it discovers information which, of necessity, includes trade secrets of the Defendants. Thereafter, Plaintiff can further identify additional trade secrets it believes were taken. On the other hand, the Defendants are concerned that they will turn over trade secrets that were not misappropriated by former employees of Plaintiff and thereby give their competitor trade secrets it does not now have. Thus, it would allow the discovery process to provide trade secret information that it would be illegal for Plaintiff to misappropriate. This could be prejudicial to Defendants.

At present, I will not stay further discovery by Plaintiff with the *proviso* that Plaintiff may engage in discovery regarding the trade secret information it disclosed in its answers to Interrogatories 1, 6 and 7. All discovery will, of course, be governed by the discovery rules contained in the Federal Rules of Civil Procedure, and the Case Management Orders in this case.

An appropriate Order follows.

Date: November 25, 2008

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, SIMULA AEROSPACE & DEFENSE GROUP, INC., ARMOR HOLDINGS, INC., AND SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

## ORDER

NOW, this 25th day of November, 2008, **IT IS HEREBY ORDERED**:

1. Plaintiff may engage in discovery regarding the trade secret information it disclosed in its answers to Interrogatories 1, 6 and 7.

2. All discovery shall be governed by the Federal Rules of Civil Procedure and the Case Management Orders in this case.

_____
A. Richard Caputo
United States District Judge