**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, SIMULA AEROSPACE & DEFENSE GROUP, INC., ARMOR HOLDINGS, INC., AND SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

**MEMORANDUM**

Before me is Motion for Reconsideration or Certification for Interlocutory Appeal of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania Inc.) (Doc. 63) in which Corporate Defendants seek reconsideration of my Memorandum and Order of November 25, 2008, or in the alternative certification for an interlocutory appeal.

Because there is no mistake of law or fact and because Plaintiff has, in any event, provided greater detail concerning the trade secrets it claims were passed on to Corporate Defendants by Plaintiff's, former employee, the motion for reconsideration, as it relates to trade secrets will be denied.  Because Plaintiff has not provided damage information as required, it will be required to do so.  However, this issue is independent of the trade secret

discovery issue, as it would not, in any event delay continuing discovery.[1]

Lastly, the alternative motion for certification for an interlocutory appeal will be denied for the reason that the authorities cited by the Defendant do not establish a substantial ground for difference of opinion.

## DISCUSSION

**I.      Trade Secret Discovery**

In my Memorandum and Order of November 25, 2008, I indicated that Plaintiff's answers to interrogatories provided the Defendants with reasonable particularity as to put the Defendant on notice of the nature of Plaintiff's claims. Subsequent to the filing of the instant motion, the Plaintiff provided supplemental answers to interrogatories in which Plaintiff provided more specific detail, to wit, identification and description of the trade secrets it claims were misappropriated. Given my satisfaction that the original answers to interrogatories met the Plaintiff's burden to provide reasonable particularity, it follows that the supplemental answers, which provide greater detail as noted, clearly satisfy the Plaintiff's burden of providing Defendants with a sufficient description of the secrets.

Therefore, the motion for reconsideration on this issue will be denied.

**II.     Interlocutory Appeal**

Corporate Defendants, in the alternative, seek a certification for appeal under 28 U.S.C. § 1292(b) which provides:

---

[1] Corporate Defendants sought to have discovery stayed pending disclosure by Plaintiff of the trade secrets it claims were appropriated by Corporate Defendants.

Here Corporate Defendants assert that the Plaintiff has not identified the trade secrets at issue with reasonable particularity. They also assert that this is a controlling question of law. Even assuming it is a controlling question of law, there is no substantial difference of opinion about it. I recognize the requirement that Plaintiff identify the trade secrets with reasonable particularity. *See*, *Sit-Up, Ltd. v. IAC/InterActiveCorp.*, No. 05-cv-9292, 2008 WL 463884, at *11 (S.D.N.Y. Feb. 20, 2008) and *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007). The disagreement arises over whether the Plaintiff has met this agreed upon test and described the trade secrets in accordance therewith. I found it has. Moreover, the cases advanced by Defendants are not authority for the proposition that the answers originally supplied and later supplemented, do not, as a matter of law, satisfy the reasonable particularity test.

The motion for certification will therefore be denied.

## III.    Damage Discovery

The Corporate Defendants rightfully seek to enforce the request that Plaintiff provide damage information through discovery. I failed to address this issue in my November 25, 2008 Memorandum and Order. The subject was discussed during a conference with counsel and me on February 2, 2009. Plaintiff contended that its Second Supplemental Responses and Objections to First Set of Interrogatories Propounded by Defendants BAE Systems Aerospace & Defense Group Inc., BAE Systems AH Inc. and BAE Systems Specialty Defense Systems of Pennsylvania Inc. (Doc. 75) provided the damage information. During the conference, Defendants, because they had just received the Second Supplemental Responses, were not equipped to say whether the damage information was provided. Since February 2, 2009, I received correspondence from counsel for the

Corporate Defendants dated February 9, 2009, indicating that the damage information has not been provided.

The Plaintiff shall provide the damage information to the Corporate Defendants and it will be ordered to do so.

## CONCLUSION

The Motion for Reconsideration or Certification for Interlocutory Appeal of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania Inc.) (Doc. 63) will be denied with the exception that the Plaintiff will be ordered to provide damage information to the Corporate Defendants.

An appropriate Order follows.


Date: February 23, 2009                          /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, SIMULA AEROSPACE & DEFENSE GROUP, INC., ARMOR HOLDINGS, INC., AND SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

## ORDER

**NOW**, this 23rd day of February, 2009, the Motion for Reconsideration or Certification for Interlocutory Appeal of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania Inc.) (Doc. 63) is **DENIED IN PART** and **GRANTED IN PART** as follows:

1. As to the request to stay further discovery on trade secret claims, the motion is **DENIED**.
2. As to the request for certification under 28 U.S.C. § 1292(b), the motion is **DENIED**.
3. As to the request that Plaintiff provide claimed damage information in discovery, the motion is **GRANTED**. Plaintiff shall provide damage discovery within thirty (30) days of the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge