IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., BAE SYSTEMS AH INC. and BAE SYSTEMS SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

## **MEMORANDUM**

Before me is Motion to Reclassify Discovery Responses of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania, Inc.). (Doc. 78.)  The motion seeks to abrogate the Plaintiff's designation "Attorneys' Eyes Only" (AEO) of discovery responses to interrogatories and requests for documents.  Defendants contend the classification should be "Confidential" rather than AEO because the responses do not disclose any trade secrets.

Relief here is sought under Paragraph 14 of the Confidentiality Agreement and Protective Order. (Doc. 60.)  Paragraph 14 allows for a party to object to a designation of AEO or Confidentiality and the order provides the burden is on the party seeking the protection to justify it.

As noted, the Defendants contend AEO is not warranted but Confidentiality is. This is so, Defendants say, because there are no trade secrets disclosed in the discovery responses.[1]

---

[1] Paragraph 9 of the Confidentiality Agreement and Protective Order limits access to documents, testimony, information or material designated Confidential to:

    (a)    Counsel for the respective parties, including in-house counsel for Gentex, Simula Aerospace & Defense Group, Inc., Armor Holdings, Inc. and Specialty Defense Systems of Pennsylvania, Inc. (the "Corporate Defendants") (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

    (b)    Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation; and

    (c)    Parties or officers or employees of the respective parties, who have a reasonable business need to review such documents, testimony, information or material.

    (d)    "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 9(b)), or to any officer or employee (as defined in paragraph 9(c)) of the opposing party, unless and until he/she agrees to be bound by the terms of this Confidentiality Agreement and executes a declaration in the form attached as Exhibit A.

Paragraph 10 of the Confidentiality Agreement and Protective Order limits access to documents, testimony, information or material designated AEO to:

    (a)    Outside counsel for the respective parties (and employees of said outside counsel who are assisting in the prosecution or defense of this litigation); and

    (b)    Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said

Defendants contend it is necessary for various of its officers and employees to review the discovery responses to mount a defense. While I will not attempt to evaluate this contention, the fact remains that the designation of AEO was made, and unless it is not justified, the designation should remain unaltered.

There is nothing in the Order which suggests that trade secrets are subject to a specific designation. Moreover, on two occasions, I have indicated that the Plaintiff's discovery responses to pointed inquiry regarding the trade secret misappropriation claims of Plaintiff contained reasonable particularity as to the description of the misappropriated trade secrets of which Plaintiff was aware. Given this finding, to grant the current motion would require that I find trade secrets claimed to have been misappropriated were not described with reasonable particularity in the discovery responses provided by Plaintiff and designated AEO. I find no basis to reconsider my prior rulings on this subject.

---

       experts) who are employed, retained or otherwise consulted by outside counsel only for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation.

(c) Mr. George Hedges, as an in-house expert for Gentex and Mr. Michael Reynolds, as an in-house expert for the Corporate Defendants.

(d) "ATTORNEYS' EYES ONLY" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 10(b)) or in-house expert (as identified in paragraph 10(c)) unless and until such person agrees to be bound by the terms of this Confidentiality Agreement and executes a declaration in the form attached as Exhibit A.

Therefore, without more, I cannot conclude that the designation AEO should be changed to Confidential, and thus, the motion will be denied.


Date: April 6, 2009                             /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>BRAD SUTTER, PATRICK WALKO, BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., BAE SYSTEMS AH INC. and BAE SYSTEMS SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC.,<br><br>   Defendants. | CIVIL ACTION NO. 3:07-CV-1269<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 6th day of April, 2009, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Motion to Reclassify Discovery Responses of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania, Inc.) (Doc. 78) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge