# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-1269 |
| v. | (JUDGE CAPUTO) |
| BRAD SUTTER, PATRICK WALKO, BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., BAE SYSTEMS AH INC. and BAE SYSTEMS SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC., | |
| Defendants. | |

## **MEMORANDUM ORDER**

Before me is the motion of Defendants Simula Aerospace & Defense Group, Inc. (n/k/a BAE Systems Aerospace & Defense Group, Inc.), Armor Holdings, Inc. (n/k/a BAE Systems AH Inc.) and Specialty Defense Systems of Pennsylvania Inc. (n/k/a BAE Systems Specialty Defense Systems of Pennsylvania, Inc.) for a protective order to prevent the discovery of disclosures made prior to but in connection with the merger of Armor and Simula with the BAE entities, which concerns the Gentex suit over the alleged misappropriation of trade secrets by Messrs. Sutter and Walko. The proferred authority for the protection is the common interest privilege. *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 (M.D. Pa. 1997). In deciding whether the common interest privilege is available, the proponent must show (1) the communications sought to be protected were made in connection with a joint defense effort; (2) communications were designed to further that effort; and, (3) there has been no waiver. *Id.* at 634. Further, "it is

only when the clients' interests are completely diverse that the privilege will be denied." *Id*.

Given the circumstances existing at the time of the due diligence phase of the merger, it is apparent that the interests of Armor and BAE insofar as the appropriation of trade secrets were not "completely diverse". Moreover, it is likewise apparent that any communications on the subject during due diligence were to further that effort. To require detail to support this factor would require disclosure and would defeat the purpose of the privilege. Suffice it to say, if the interests were common, it is more probable than not that the communications were designed to further the common defense effort.

I also conclude that the privilege was not waived. There were no affirmative steps that assert the advice of counsel as part of the defense here. *See Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994).

Counsel for Gentex has raised an issue concerning a summary in which Gentex claims there was no common interest privilege. The summary is from Robert Mecredy of Armor to Joe Coltman of Simula the day before the merger agreement was signed. Gentex asked that I review the summary *in camera* to determine whether the privilege applies. Since I have no response from Defendants on this issue, I will give them five (5) days to provide a response regarding the summary, after which I will determine whether to review it *in camera*.

Otherwise, the motion for a protective order based on the Common Interest Privilege will be granted.

Date: October 19, 2009   /s/ A. Richard Caputo
                                                           A. Richard Caputo
                                                           United States District Judge