# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GENTEX CORPORATION,

    Plaintiff,

v.

BRAD SUTTER, PATRICK WALKO, BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., BAE SYSTEMS AH INC. and BAE SYSTEMS SPECIALTY DEFENSE SYSTEMS OF PENNSYLVANIA, INC.,

    Defendants.

CIVIL ACTION NO. 3:07-cv-1269

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is a discovery dispute between Plaintiff Gentex and Defendant BAE Systems regarding computer data stored in ghost images and thumb drives. Both parties argue, and I agree, that the decision of the District Court of the Eastern District of Pennsylvania in *Bro-Tech Corporation v. Thermax, Inc.*, No. 05-cv-2330, 2008 U.S. Dist. LEXIS 21233 (E.D. Pa. Mar. 17, 2008) is persuasive in this case. I find that like the expert in *Bro-Tech*, Defendant's expert acted in two roles: (1) as a testifying expert, and (2) as an expert assisting in the process of discovery. While in *Bro-Tech* the information reviewed in each role was stored on a separate system, I find that it is the distinct separation between the roles which is the critical factor. As a testifying expert, Defendant's expert Fowler searched and purged files from the BAE computers provided. As a discovery expert, Fowler reviewed separately stored ghost images and thumb drives, which might as well have been from an entirely separate system. Because the roles have been kept distinct, I find at this time that there has been no waiver of privilege as to information stored in either data source.

I recognize, however, that there may be additional desirable data in the ghost images and thumb drives. I do not find, at present, that there is sufficient evidence of spoliation to permit the turning over of entire exact copies or the physical sources themselves. Instead, Plaintiffs' experts will have an opportunity to develop additional search terms which will be run against the ghost images and thumb drives by the Defendants' experts. Defense counsel will have an opportunity to review the results for privilege, before being turned over to the Plaintiffs.

**NOW**, this  13th   day of November, 2009, **IT IS HEREBY ORDERED** that the Plaintiffs be able to obtain additional information from the ghost images and thumb drives as follows:

1. The data sources relevant to this order are:

    a. The January 2007 ghost images of Brad Sutter, Patrick Walko, Michael Daly, Joseph Coltman, and Taryn Sickels.

    b. The thumb drives of Cheryl Nolan, Deborah Panna, and Patrick Walko, identified as IT09, IT11, IT12, IT13, IT14 and IT15.

2. Within **ten (10) days** of the date of this Order, experts for Plaintiff Gentex Corporation and Defendant BAE Systems will confer and agree to additional search terms to be used on these data sources, as well as a time frame for such a search to be completed.

3. Defendants experts will execute the additional search using the agreed upon terms and provide the results to Defendants' counsel within the time frame agreed upon by both parties' experts.

4. With **seven (7) days** of the receipt of the results, Defendants' counsel will provide all results which are not privileged, and a privilege log for any withheld or redacted documents.

                                             /s/ A. Richard Caputo
                                             A. Richard Caputo
                                             United States District Judge