# Exhibit LL

Westlaw.





**H**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
M.D. Pennsylvania.
UNIVAC DENTAL COMPANY, and Lactona Corporation, Plaintiffs
v.
DENTSPLY INTERNATIONAL, INC., Defendant.

Civil Action No. 1:07-CV-0493.
April 27, 2010.

Gregory J. McDonald, Paul R. Braunsdorf, Rayne Hammond Benz, Harris Beach PLLC, Pittsford, NY, Melissa H. Maxman, Cozen O'Connor, Washington, DC, Robert M. Stengel, Robert M. Stengel, P.C., Doylestown, PA, Robert J. Nolan, Yardley, PA, Bart D. Cohen, H. L. Montague, Jr., Berger & Montague, Philadelphia, PA, for Plaintiffs.

Ronald F. Wick, Cozen O'Connor, Washington, DC, for Defendant.

***MEMORANDUM***

CHRISTOPHER C. CONNER, District Judge.

***1** Presently before the court are two motions in limine (Docs.87, 97), filed by defendant, Dentsply International, Inc. ("Dentsply"), and the magistrate judge's report (Doc. 120) recommending that both motions (Docs.87, 97) be denied. Dentsply claims that the expert testimony of Dr. Samuel J. Kursh ("Dr.Kursh") should be excluded because it is impermissibly unreliable. Dentsply alternatively argues that Dr. Kursh should not be allowed to testify to causation because it is outside the scope of his expertise and knowledge. The magistrate judge concluded that Dr. Kursh's expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. Dentsply has filed objections to the magistrate judge's report and recommendation ("R & R"), and the parties have fully briefed the issues. For the reasons set forth below, the court will adopt the R & R.

**I. *Background***[FN1]

FN1. The facts underlying the instant case are more fully described in the court's memorandum (Doc. 134) dated March 31, 2010.

Plaintiffs in this matter seek damages for alleged financial injury that they suffered as a result of Dentsply's anti-competitive business practices. Plaintiffs seek to introduce the expert testimony of Dr. Kursh as evidence of their losses caused by Dentsply. Dentsply filed two motions in limine (Doc. 87, 97), objecting to Dr. Kursh's testimony. Dentsply claims that the foundation for his findings was insufficient and based on unreliable assumptions, and that Dr. Kursh's model for damages does not fit the facts presented in the instant case. The magistrate judge recommended that Dentsply's motions be denied, on the basis that Dr. Kursh's expert testimony is sufficiently reliable to be admitted into evidence at trial. *See* FED.R.EVID. 702. The magistrate judge held that Dentsply's objections are more directly related to the probative value of Dr. Kursh's testimony than to its admissibility.

**II. *Standard of Review***

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinski v. United Parcel Serv.,* Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M .D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks,* 885 F.2d 1099, 1106 n. 3 (3d Cir.1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.' " *Id.* (citing *Shields v. Astrue,* Civ. A. No. 07-417, 2008

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

WL 4186951, at *6 (M.D.Pa. Sept. 8, 2008)).

Where parties have not filed objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Tice v. Wilson,* 425 F.Supp.2d 676, 680 (W.D.Pa.2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater,* 990 F.Supp. 375-78 (M.D.Pa.1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel,* 33 F.Supp.2d 397, 399 (E.D.Pa.1998) (holding that the court will review the report and recommendation for "clear error").

### III. *Discussion*

#### A. *Should the Court Exclude Dr. Kursh's Testimony?*

*2 The Federal Rules of Evidence provide that an expert may testify to "scientific, technical and other specialized knowledge" which "will assist the trier of fact to understand the evidence or to determine a fact in issue [.]" FED.R.EVID. 702. An individual who qualifies as an expert based on "knowledge, skill, experience, training, or education" may testify in the form of an opinion, so long as three requirements are satisfied: (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the witness has applied the principles and methods reliably to the facts of the case." *Id.* These requirements have been called the "trilogy of restrictions on expert testimony: qualification, reliability and fit." *Calhoun v. Yamaha Motors Corp. U.S.A.,* 350 F.3d 316, 321 (3d. Cir.2003). Undergirding these restrictions, however, is a "liberal policy of admissibility" under Rule 702. *Pineda v. Ford Motor Co.,* 520 F.3d 237, 243 (3d Cir.2008); *see also* FED.R.EVID. 401-402 (providing that "relevant evidence" is, as a general rule, admissible, and defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). In the instant case, Dentsply does not challenge Dr. Kursh's qualifications to testify as an expert witness. (*See* Doc. 130 at 6). Therefore, in the following sections, the court will analyze whether the requirements of reliability and fit are satisfied.

#### 1. *Reliability*

Before the court addresses Dentsply's arguments concerning the reliability of Dr. Kursh's testimony, a few preliminary observations are in order. First, the standard for allowing an expert to testify as to his or her findings is a liberal one. *See Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,* 658 F.Supp.2d 630, 637 (holding that a expert's opinion is admissible if supported by "good grounds" and that if good grounds are found, further critique of the opinion should be left to cross examination). Second, the calculation of damages in an antitrust case is also governed by a liberal standard.

Damages in an antitrust case require two distinct inquires. "First, the plaintiff must prove the fact of antitrust injury as part of his prima facie case; then, he must make a showing regarding the amount of damages in order to justify an award by the trier of fact." *Rossi v. Standard Roofing,* 156 F.3d 452, 484 (3d Cir.1998). Once a plaintiff establishes that the defendant's anti-competitive practices have caused some harm to plaintiff, "the actu-

al amount of damages may result from a 'reasonable estimate, as long as the jury verdict is not the product of speculation or guess work.' " *In re Lower Lake Erie Iron Ore Antitrust Litig.,* 998 F.2d 1144, 1176 (3d Cir.1993) (quoting *MCI Comm'ns v. Am. Tel. & Tel. Co.,* 708 F.2d 1081, 1161 (7th Cir.1983)); *see also LePage's, Inc. v. 3M,* 324 F.3d 141, 166 (3d Cir.2003) ("[T]he plaintiffs are given some latitude in calculating damages, so long as their theory is not wholly speculative." (quoting *Bonjorno v. Kaiser Aluminum & Chem.* Co., 752 F.2d 802, 813 (3d Cir.1984))).

***3** In light of the liberal standards that apply to the calculation of antitrust damages and the admissibility of expert opinion testimony, the court agrees with the magistrate judge's finding that Dr. Kursh's testimony is sufficiently reliable to be admitted. Dentsply contends that Dr. Kursh's testimony should be excluded because he assumes causation, and does not take enough variables into account, and because his testimony pertaining to growth-rate projections is speculative. Although Dentsply's criticisms of Dr. Kursh's testimony may bear merit, the court is not persuaded that Dr. Kursh's testimony is inadmissible.

First, Dentsply accuses Dr. Kursh of presenting unreliable testimony because he assumes all elements of liability, including causation, to be established. The court is not troubled by Dr. Kursh's assumptions, however, because his testimony serves a limited purpose: to assist the jury in calculating damages. Plaintiffs bear the burden of proving liability, but there is no burden on their damages expert to "draw a connection" between defendant's conduct and plaintiffs' loss. (*See* Doc. 130 at 7). To the contrary, it is perfectly acceptable for an expert to calculate an estimated amount of damages without regard to causation or any other elements of liability. Indeed, in the antitrust context, plaintiffs enjoy a considerable amount of leeway in "constructing a hypothetical world free of the defendant['s] exclusionary activities[.]" *LePage's,* 324 F.3d at 166 (quoting *Bonjorno,* 752 F.2d at 812). Thus, Dr. Kursh's assumptions do not render his estimate of damages so unreliable as to be inadmissible.

Dentsply cites *Heller v. Shaw Indus., Inc.,* 167 F.3d 146 (3d Cir.1999), for the holding that if an expert "offers *no* explanation" for concluding that an obvious alternative cause of a plaintiff's injury "was not the sole cause," then the expert's "methodology is unreliable." *Id.* at 156 (emphasis in the original). The *Heller* court is accurately quoted, but it considered the admissibility of expert testimony only *on the issue of causation.* By contrast, plaintiffs in the instant case offer Dr. Kursh's testimony to present a method for calculating damages, not to prove causation. Hence, *Heller* is distinguishable from the instant case, and the above-cited holding does not prohibit a damages expert from assuming liability. The court concludes that, even though Dr. Kursh's assumes that Dentsply is liable, his testimony as to the calculation of plaintiffs' damages is neither wholly speculative nor unreliable.

Furthermore, Dr. Kursh's failure to segregate plaintiff's losses and account for outside factors is not fatal to his presentation at trial. The magistrate judge correctly found that such segregation is extremely difficult in antitrust litigation. *See LePage's,* 324 F.3d at 166. Nor is the court moved by Dentsply's contention that Dr. Kursh's model is unreliable because "it is invariant to changes in ... Dentsply's market share." (Doc. 130 at 10). As previously noted, Dr. Kursh's model *makes an assumption* that the cause of plaintiffs' injury was Dentsply's anticompetitive conduct, and it provides a method for calculating plaintiffs' estimated damages accordingly. In light of the limited function that Dr. Kursh's testimony serves, it is not problematic that his method fails to take into account Dentsply's monopoly power, or its underlying conduct, or other variables that may have affected plaintiffs' losses. Therefore, the court will not exclude Dr. Kursh's testimony. Dentsply is free to cross-examine Dr. Kursh on the limitations and shortcomings of his damages model. Dentsply is also at

liberty to introduce testimony which tends to show segregated losses, to undermine Dr. Kursh's calculation.

***4** Dentsply also claims that Dr. Kursh used speculative and unreliable growth rate projections to estimate plaintiffs' damages. Dr. Kursh's projections are based in part on data collaborated in an expert report prepared by Jerry Wind ("the Wind report"), and Dentsply argues that the report's unreliability undermines the totality of Dr. Kursh's opinion. Dentsply observes that, in prior antitrust litigation brought against Dentsply by the U.S. government, the district court found the Wind report to be unreliable. *See United States v. Denstsply Int'l. Inc.,* 277 F.Supp.2d 387, 435-40 (D.Del.2003).

Although Dentsply's observation is correct, the magistrate judge was also correct in noting that the "ultimate conclusions" of the trial court in *U.S. v. Dentsply* "were set aside on appeal" and in reasoning that they "should not be binding in this litigation." (Doc. 120 at 14 n. 4). Furthermore, the judge who decided *U.S. v. Dentsply* at the district court level, Judge Robinson, was presented with a different issue than that which currently faces the undersigned. Judge Robinson's task was to determine whether the government could use the Wind report to present their *prima facie* case of antitrust liability. The issue currently before this court, by contrast, is whether plaintiffs' damages expert may use the report as a foundation from which to extrapolate the amount of plaintiffs' losses. As noted above, an antitrust plaintiff is at liberty to use any reasonable methodology to estimate damages. The Third Circuit has held that a hypothetical model to calculate antitrust damages is given latitude as long as the theory is not "wholly speculative." *LePage's,* 324 F.3d at 166 (quoting *Bonjorno,* 752 F.2d at 812). Hence, the court is not convinced that Dr. Kursh's reliance on the Wind report renders his expert opinion testimony inadmissible. Dentsply can properly challenge Dr. Kursh's sources, as well as his conclusions, through cross-examination and argument at trial.

The court finds that Dr. Kursh's testimony regarding the economic damages allegedly suffered by plaintiffs is based upon a proper foundation. *See In Re TMI Litig.,* 193 F.3d 613, 665 (3d Cir.1999) (holding that an expert's opinion does not need to be based in the best foundation, but must merely a good foundation). None of Dentsply's arguments have persuaded the court that Dr. Kursh's method for estimating damages is invalid. Dr. Kursh's expert testimony is sufficiently reliable to be admitted into evidence at trial and, therefore, Dentsply's motion in limine shall be denied.

**2.** ***Fit***

Dentsply claims that Dr. Kursh's testimony is inadmissible because the model he used to calculate damages does not fit the facts presented in the instant case. The fit requirement would call for exclusion of an expert witness's testimony where "there is simply too great an analytical gap between the data and the opinion proffered." *See General Electric Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). The expert's testimony must be helpful to the jury. *See In Re TMI Litig.,* 193 F.3d at 663. In the instant case, the testimony of Dr. Kursh does not present analytical gaps which would render his testimony unhelpful or misleading to a fact finder. While Dentsply opposes the methodology Dr. Kursh used to make his projections, Dentsply's criticisms are best made to a jury. Like the magistrate judge, the court is not convinced that Dr. Kursh's testimony must be excluded on ground of fit. Thus, Dentsply's motion in limine will be denied.

**B.** ***Should the Court Limit Dr. Kursh's Testimony?***

***5** Dentsply argues that the court should not permit Dr. Kursh to testify to causation. Although the court agrees that the proper focus of Dr. Kursh's testimony is on the issue of damages, the court also agrees with the magistrate judge's conclusion (*see* Doc. 120 at 8 n. 1) that the issues of causation and damages are too closely related for the court to make a clear delineation in a pretrial ruling. To the extent that Dr. Kursh's testimony must be limited in

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

scope, the court will set proper limitations at trial. Therefore, Dentsply's motion will be denied, without prejudice to Dentsply's right to object to testimony which it believes to be improperly offered at trial.

**IV.** ***Conclusion***

The court finds that Dr. Kursh's expert testimony is admissible at trial for the purpose of estimating the amount of damages suffered by plaintiffs as a result of Dentsply's anticompetitive actions. If plaintiffs are able to establish liability, then Dr. Kursh's testimony may be helpful to the jury to understand plaintiffs' projected damages. Dentsply's arguments that Dr. Kursh's opinion is inadmissable for want of reliability and fit are not persuasive. Therefore, the jury should be able to hear Dr. Kursh's testimony. Dentsply will have ample opportunity to bring its weaknesses to light through cross-examination and argument. The expert testimony of Dr. Kursh satisfies the requirements of Rule 702, and it shall not be excluded. The court will adopt the report of the magistrate judge, recommending that Dentsply's motions in limine be denied.

An appropriate order will issue.

***ORDER***

AND NOW, this 27th day of April, 2010, upon consideration of the report of the magistrate judge (Doc. 120), recommending that Dentsply's motions in limine (Docs.87, 97) be denied, and upon further consideration of Dentsply's objections (Doc. 130) to the magistrate judge's report and recommendation, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 120) is ADOPTED.

2. Dentsply's motions in limine (Docs.87, 97) are DENIED.

M.D.Pa.,2010.
Univac Dental Co. v. Dentsply Intern., Inc.
Slip Copy, 2010 WL 1816745 (M.D.Pa.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.